**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARL BIRDWELL, individually and on behalf of similarly situated individuals** | § | |
| **Plaintiff** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-05968** |
| **DCS ALL AMERICAN, LLC and KAYDEN INDUSTRIES (USA), INC** | § | |
| **Defendants** | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

## I. SUMMARY

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – day rate solids control hands and other similarly situated employees (collectively "Day Rate Employees") – who have worked on behalf of DCS All American, LLC ("DCS") and Kayden Industries (USA), Inc. ("Kayden") (collectively "Defendants") in the United States.

2. Defendant DCS All American, LLC is headquartered in Kingwood, Texas.

3. Defendant DCS works as a third-party vendor that provides workers with solids control experience to companies in the oil and gas industry.

4. Defendant Kayden Industries (USA), Inc. is headquartered in Conroe, Texas.

5. Defendants employ dozens of Day Rate Employees. Plaintiff and other Day Rate Employees like him regularly worked for Defendants in excess of 40 hours each week. However, Defendants did not pay them overtime for hours worked in excess of 40 hours in a single workweek.

6. Instead of paying overtime as required by the Fair Labor Standards Act ("FLSA"), Defendants improperly classified Plaintiff and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation.

7. Defendants at all times relevant have had direct control over Day Rate Employees' day-to-day activities. In this regard, Day Rate Employees receive daily instructions and job assignments from DCS. Companies that DCS contracted with, including Kayden Industries (USA), Inc., to provide Day Rate Employees with the equipment they required to do their jobs. Day Rate Employees are wholly economically dependent on Defendants, as they only receive payment for days that they work.

8. Day Rate Employees do not incur operating expenses like rent, payroll, marketing, and insurance.

9. The services rendered by Day Rate Employees are an integral part of Defendants' businesses of oil and gas production.

10. Despite having substantial custody and control over Day Rate Employees and being their employer, Defendants misclassified them as independent contractors to avoid paying overtime compensation.

11. Plaintiff brings this action on behalf of himself and similarly situated current and former Day Rate Employees who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that has deprived Plaintiff and similarly situated employees of their lawfully earned wages.

## II. JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b) because Defendants operate business in this District and Division.

14. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

15. Both Defendants are headquartered in this District and Division.

16. Venue is proper in this Court.

## III. PARTIES

**Carl Birdwell**

17. Carl Birdwell ("Plaintiff" or "Birdwell") is an adult individual who is currently a resident of the State of Texas.

18. Birdwell worked for Defendants as a solids control hand from approximately March 2021 to March 2025. During his employment, Birdwell was assigned to work by Defendants jointly who also compensated him for the work he performed.

19. A written consent form for Birdwell is being filed with this Collective Action Complaint. (See Exhibit 1)

20. Birdwell brings this action on behalf of himself and all other similarly situated Day Rate Employees who were paid a day rate and did not receive overtime compensation.

21. The "FLSA Collective" that Birdwell seeks to certify under the FLSA is defined as:

> ALL CURRENT AND FORMER DAY RATE EMPLOYEES WHO WORKED FOR DCS ALL AMERICAN, LLC AND/OR KAYDEN INDUSTRIES (USA), INC. DURING THE LAST THREE YEARS THAT WERE PAID A DAY RATE AND NO OVERTIME.

22. The "New Mexico Class" is a class of similarly situated workers Birdwell seeks to

certify as a class under Rule 23 and is defined as:

> ALL CURRENT AND FORMER DAY RATE EMPLOYEES WHO WORKED FOR DCS ALL AMERICAN, LLC AND/OR KAYDEN INDUSTRIES (USA), INC. IN NEW MEXICO THAT WERE PAID A DAY RATE AND NO OVERTIME.

23. The "Oregon Class" is a class of similarly situated workers Birdwell seeks to certify as a class under Rule 23 and is defined as:

> ALL CURRENT AND FORMER DAY RATE EMPLOYEES WHO WORKED FOR DCS ALL AMERICAN, LLC AND/OR KAYDEN INDUSTRIES (USA), INC. IN OREGON IN THE LAST SIX YEARS THAT WERE PAID A DAY RATE AND NO OVERTIME.

24. Defendant DCS All American, LLC ("Defendant DCS") is a Domestic Limited Liability Company organized and existing under the laws of Texas.

25. Defendant DCS's main corporation headquarters and business address is 3403 Forest Row Dr., Kingwood, TX 77345.

26. At all relevant times, Defendant DCS has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

27. Defendant DCS applies the same employment policies, practices, and procedures to all Day Rate Employees assigned to job sites regardless of location.

28. Defendant DCS may be served through its registered agent: United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717, or anywhere else they may be found.

29. Defendant Kayden Industries (USA), Inc. ("Defendant Kayden") is a Foreign For-Profit Corporation doing business in Texas.

30. Defendant Kayden's main corporation headquarters and business address is 734

Conroe Park North Dr Conroe, TX, 77303-2256 United States.

31. At all relevant times, Defendant Kayden has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

32. Defendant Kayden applies the same employment policies, practices, and procedures to all Day Rate Employees assigned to job sites regardless of location.

33. Defendant Kayden is headquartered in this District and Division. Defendant Kayden may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or anywhere else they may be found.

34. Defendants DCS and Kayden employed and/or jointly employed Birdwell and the Day Rate Employees.

35. Defendants DCS and Kayden are joint employers for purposes of the FLSA. See 29 C.F.R. § 791.2.

## IV. COVERAGE UNDER THE FLSA

36. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

37. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

38. At all times hereinafter mentioned, Defendants have been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling,

or otherwise working on goods or materials – such as tools, gloves, face shields, grounding wire, clamps, duct tape, PVC pipe, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Defendants have had an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

39. At all times hereinafter mentioned, Plaintiff and Day Rate Employees were engaged in commerce or in the production of goods for commerce.

## V. FACTS

40. Birdwell and those similarly situated to him worked for Defendants as Day Rate Employees.

41. Birdwell worked for Defendants as a solids control hand from approximately March 31, 2021 through April 2025.

42. Defendants classified Birdwell as an independent contractor during his employment.

43. Defendant DCS issued Birdwell a 1099.

44. Both Defendants treated Birdwell as an employee and not an independent contractor.

45. During his employment, Birdwell performed work on behalf of Defendants at various job sites in New Mexico, Oregon, Texas and Oklahoma.

46. During his employment, Birdwell often worked over 87 hours per week.

47. As a result, Birdwell regularly worked over 40 hours per week.

48. Defendants paid Birdwell with a set day rate regardless of the number of hours worked.

49. Birdwell's primary duties were technical and consisted of well-established testing procedures. As a result, Birdwell had primarily non-exempt job duties.

50. Although Defendants classified Birdwell as an independent contractor, Defendants exercised custody and control over all material aspects of his employment and the performance of his job.

51. Defendant DCS set Birdwell's work schedule.

52. Defendants scheduled Birdwell to work 13.5-hour shifts, 7 days a week.

53. Defendants did not pay Birdwell at a rate of 1.5 his hourly rate when Birdwell worked over 40 hours in a workweek.

54. For example, the pay period of December 15, 2024 – December 28, 2024, Defendants paid Birdwell a day rate of $400.00 per day, which was $2,800.00 for 7 days.

55. Defendant DCS's pay stubs do not include the hours Birdwell actually worked. An example is shown below.

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| K7 / V2W 25083627 | 01/ | 5701747 | 1 of 1 |

DCS All American LLC
3403 Forest Row Dr
Kingwood, TX 77345

**Earnings Statement**

ADP

Period Starting: 12/15/2024
Period Ending: 12/28/2024
Pay Date: 01/03/2025

Taxable Marital Status:
Exemptions/Allowances:
Federal: 0
State: 0
Local: 0
Social Security Number: XXX-XX-XXXX

Tax Override:
Federal:
State:
Local:

Carl Birdwell
[redacted]

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| 1099 Hours | | 0.00 | 2800.00 | 2800.00 |
| Gross Pay | | | $2,800.00 | $0.00 |
| Net Pay | | | $2,800.00 | |

Deposits

| account number | transit/ABA | amount |
|---|---|---|
| XXXXXX8708 | XXXXXXXXX | 2800.00 |

56. No real investment was required of Birdwell to perform his job duties. In this regard, the contracting companies provided Birdwell with the equipment used to perform his job duties.

57. The services rendered by Birdwell were an integral part of Defendants' business of

oil and gas production, and an integral part of Defendants' business of providing services to its customers.

58. Upon information and belief, Defendants did not keep accurate records of hours worked by Birdwell and similarly situated employees

59. Based on reasonable belief, during the relevant period, Defendant DCS had the power to hire Plaintiffs and other Day Rate Employees. During the relevant period Defendant DCS had the power to fire Plaintiffs and other Day Rate Employees.

60. Based on reasonable belief, during the relevant period, Defendant DCS supervised and controlled the work schedules of Plaintiffs and other employees similarly situated.

61. Based on reasonable belief, during the relevant period, Defendant Kayden supervised and controlled the conditions of employment of Plaintiffs and other employees similarly situated.

62. Based on reasonable belief, during the relevant period, Defendant Kayden determined the rate and method of payment of Plaintiffs and other employees similarly situated.

63. Based on reasonable belief, during the relevant period, Defendant Kayden maintained the employment records of Plaintiffs and other employees similarly situated.

64. During the relevant period Defendant Kayden had the power to hire Plaintiffs and other employees similarly situated.

65. During the relevant period Defendant Kayden had the power to fire Plaintiffs and other employees similarly situated. If a Kayden company man or supervisor at the job site did not like the performance of a Plaintiff or a Day Rate Worker, they had the power to fire the employee.

66. During the relevant period Defendant Kayden supervised and controlled the work

schedules of Plaintiffs and other similarly situated employees.

67. During the relevant period Defendant Kayden supervised and controlled the conditions of employment of Plaintiffs and other employees similarly situated.

68. During the relevant period Defendant Kayden determined the rate and method of payment of Plaintiffs and other employees similarly situated.

69. During the relevant period Defendant Kayden maintained files on Plaintiffs and other employees similarly situated as part of their labor pool.

70. During the relevant period Defendant Kayden collected and maintained daily billing and reports prepared by Plaintiffs and other employees similarly situated.

71. Defendant Kayden owned all equipment and tools that Plaintiff and other Day Rate Employees used.

## VI. FLSA VIOLATIONS

72. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

73. As set forth herein, Defendants have violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1.5 times the regular rates for which they were employed.

74. Defendants, knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Day Rate Employees overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

75. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. COLLECTIVE ACTION

76. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

77. Plaintiff alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the members of the Collective.

78. Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked for Defendants as Day Rate Employees and other similar titles companywide who elect to opt-in to this action (the "FLSA Collective").

79. Defendants are liable under the FLSA for *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

80. Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation when they worked beyond 40 hours in a workweek.

81. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

82. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

83. This policy and pattern or practice includes, but is not limited to, willfully failing

to pay its employees, including Plaintiff and the FLSA Collective, the correct premium overtime wages for hours that they worked in excess of 40 hours per workweek and failing to maintain accurate records of hours worked by its employees, including Plaintiff and the FLSA Collective.

84. Defendants' unlawful conduct, as described in this Complaint, is pursuant to corporate policy or practice of minimizing labor costs by failing to pay overtime pay.

85. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective no less than 1.5 times their regular rates of pay for all overtime hours worked.

86. Plaintiff and the FLSA Collective perform or performed the same primary duties.

87. There are many similarly situated current and former Day Rate Employees who have been undercompensated in their overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

88. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

89. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## VIII. NMMWA VIOLATIONS

90. Plaintiff, on behalf of himself and the Day Rate Employees, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

91. Birdwell brings this claim under the NMMWA as a Rule 23 class action.

92. The conduct alleged violates the NMMWA (N.M. Stat. Ann. §50-4-22).

93. At all relevant times, Defendants were subject to the requirements of the NMMWA.

94. At all relevant times, Defendants employed Birdwell and the New Mexico Class members within the meaning of the NMMWA.

95. The NMMWA requires employers like Defendants to pay employees at 1.5 times the regular rate of pay for hours worked in excess of forty (40) hours in a workweek. Birdwell and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

96. Defendants had a policy by which Birdwell and each member of the New Mexico Class were not paid overtime compensation.

97. Birdwell and each New Mexico Class member seek unpaid overtime in an amount equal to 1.5 times their regular rates of pay for work performed in excess of 40 hours in a workweek, double damages, prejudgment interest, all available penalty wages, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

98. Birdwell and each New Mexico Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Kayden, as provided by the NMMWA.

99. The improper pay practices at issue were part of a continuing course of conduct, entitling Birdwell and each New Mexico Class Member to recover for all such violations, regardless of the date they occurred.

## IX. OREGON STATE OVERTIME VIOLATION

100. Plaintiff, on behalf of himself and the Day Rate Employees, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

101. Plaintiff and the Oregon Class Members performed work for Defendants at job sites located in the State of Oregon.

102. While working in Oregon, Plaintiff and the Oregon Class Members regularly worked more than forty (40) hours in a workweek.

103. Under ORS 653.261(1), employers must pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

104. Oregon law does not exempt day-rate oilfield workers or solids-control technicians from the overtime requirements of ORS 653.261.

105. Defendants paid Plaintiff and the Oregon Class Members a flat day rate for each day worked in Oregon, without regard to the number of hours worked.

106. Defendants did not pay Plaintiff or the Oregon Class Members overtime compensation at one-and-one-half times their regular rate for hours worked over forty (40) in Oregon workweeks, as required by ORS 653.261.

107. Defendants failed to calculate or maintain accurate daily and weekly time records for Plaintiff and the Oregon Class Members as required by ORS 653.045.

108. Defendants' failure to record hours worked concealed the amount of overtime owed and prevented Plaintiff and the Oregon Class Members from receiving overtime wages due under ORS 653.261.

109. Defendants' failure to pay overtime wages for Oregon work assignments constitutes a violation of ORS 653.261 and gives rise to a civil action for unpaid wages under ORS 653.055.

110. Under ORS 653.055, Plaintiff and the Oregon Class Members are entitled to recover all unpaid overtime wages, statutory penalty wages where applicable, prejudgment interest, attorney's fees, and costs.

111. Defendants maintained a uniform policy and practice of paying day-rate workers for Oregon assignments without paying any legally required overtime compensation.

112. Defendants' Oregon pay practices violated Oregon overtime law each week Plaintiff and the Oregon Class Members worked more than forty (40) hours in Oregon.

113. Defendants' failure to pay overtime for Oregon work weeks was willful and part of

a consistent pattern of denying overtime to day-rate workers.

114. Plaintiff and the Oregon Class Members seek all unpaid overtime wages, penalty wages, liquidated or statutory damages, prejudgment interest, attorney's fees, costs, and all other relief permitted under Oregon law.

## X. NEW MEXICO AND OREGON CLASS ACTION ALLEGATIONS

115. Plaintiff, on behalf of himself and the Day Rate Employees, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

116. Numerosity: the New Mexico Class and Oregon Class consist of members so numerous and geographically dispersed that joinder of all members is impracticable, as Defendant employ hundreds of similarly situated individuals across the United States.

117. All members of the New Mexico Class and Oregon Class are ascertainable by reference to objective criteria, as Defendant has access to addresses and other contact information for New Mexico Class members that can be used for notice purposes.

118. Common Questions of Law and Fact Predominate: There are many questions of law and fact common to Plaintiff and the New Mexico Class and Oregon Class, and those questions substantially predominate over any questions that may affect individual members of the New Mexico Class and Oregon Class. Common questions include:

A. Did Defendant's conduct violate state overtime statutes?

119. Typicality: Plaintiff's claims are typical of other members of the New Mexico Class and Oregon Class because all of the claims arise from the same course of conduct by Defendants.

120. Adequacy of Representation: Plaintiff is an adequate class representative because his interests do not conflict with the interests of the New Mexico Class members and Oregon Class members whom he seeks to represent. Plaintiff has retained counsel with substantial experience in

prosecuting complex and class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of New Mexico Class members and Oregon Class members, and have the financial resources to do so. The New Mexico Class members' and Oregon Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

121. Superiority of Class Action: Class treatment is superior to individual treatment, as it will permit a large number of similarly situated persons to prosecute their respective class claims in a single forum, simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce.

122. To the extent not all issues or claims, including the amount of damages, can be resolved on a class-wide basis, Plaintiff invokes Federal Rule of Civil Procedure 23(c)(4), reserving the right to seek certification of a class action with respect to particular issues, and Federal Rule of Civil Procedure 23(c)(5), reserving the right to divide the class into subclasses.

## XI. RELIEF SOUGHT

Plaintiff, individually, and on behalf of the Day Rate Employees respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Day Rate Employees and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants nationwide. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. That the Court certify the part of this action filed under the New Mexico Minimum

Wage Act and the Oregon overtime statute, ORS 653.261, as a class action, proper and maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure; declare that Plaintiff is a proper class representative, and appoint Plaintiff's counsel as Class Counsel;

C. Unpaid overtime pays and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D. That the Court award Plaintiff and the Class or Subclass(es) (FLSA Plaintiffs, New Mexico Class, and Oregon Class) compensatory, consequential, general, nominal, and statutory (along with any other damages available at law) to the extent permitted by in an amount to be determined at trial;

E. For an Order awarding Plaintiff and the New Mexico Class damages for all violations, regardless of the date on which they occurred, as a result of Defendants' continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

F. For an Order awarding Plaintiff and the Oregon Class damages for all violations as a result of Defendants' continued course of conduct pursuant to ORS, including but not limited to ORS 653.261 and ORS 653.055;

G. Statutory penalty wages and civil penalties available under ORS 653.055 and related Oregon wage statutes;

H. Prejudgment interest on all unpaid overtime wages as permitted by law;

I. Prejudgment interest on all unpaid overtime wages as permitted by Oregon law;

J. Any and all other relief deemed just and proper under FLSA, NMMWA, and Oregon wage-and-hour law.

K. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA.

L. Reasonable attorneys' fees and costs of the action; and

M. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*

TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
800 Town & Country Blvd., Suite 500,
Houston, Texas, 77024
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, individually and on behalf of similarly situated individuals**